# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| MICHAEL R. PEERMAN, <br><br> Plaintiff, <br><br> v. <br><br> KOHL'S DEPARTMENT STORES, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 2:21-cv-01330 <br><br> DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes MICHAEL R. PEERMAN ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of KOHL'S DEPARTMENT STORES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, as well as for Invasion of Privacy ("IOP") and Trespass to Chattels ("TTC"), for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28, U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events and omissions giving rise to Plaintiff's claims occurred within, the Eastern District of Wisconsin.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age.

5. Defendant operates department stores and offers store credit cards to consumers throughout the United States. Defendant is a corporation organized under the laws of the state of Wisconsin with its principal place of business located at 2315 North 124th Street, Brookfield, Wisconsin 53005.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, third-party contractors, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. This instant action arises out of Defendant's attempts to collect upon a consumer line of credit ("subject debt") which was issued by Defendant.

8. Plaintiff used his online account with Defendant to make payments on the subject debt.

9. However, sometime ago, he lost access to his online account with Defendant, and thus was unable to make a payment.

10. In response to this, Plaintiff called Defendant to make a payment and regain access to his online account.

11. However, he was required to wait on the phone for an hour and eventually his call disconnected.

12. This led Plaintiff to miss making payments on the subject debt.

13. Shortly thereafter, Plaintiff began receiving calls to his cellular phone number, (859) XXX-1110, from Defendant.

14. At all times relevant to the instant action, Plaintiff was the sole owner and operator of the cellular phones ending in –1110. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. Defendant has used several phone numbers when placing collection calls to Plaintiff's cellular phone number, including but not limited to: (210) 346-2817, (262) 704-8208, (262) 704-9780, (859) 818-0273, (859) 479-1109 and (859) 479-1110.

16. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

17. Upon answering phone calls from Defendant, Plaintiff was greeted by a pre-recorded message, followed by a significant pause, lasting several seconds in length, before being connected with a live representative.

18. In the event Plaintiff did not answer his phone, Defendant left pre- recorded voicemail messages to his cellular phone.

19. Upon speaking with Defendant, Plaintiff was informed that it was calling to collect upon the subject debt.

20. Frustrated by the frequent calls and circumstances surrounding how he fell behind on his payments, Plaintiff requested that Defendant cease placing phone calls to his cellular phone seeking collection of the subject debt.

21. Despite Plaintiff's demands, Defendant has continued to place phone calls to Plaintiff's cellular phone and continued leaving prerecorded voicemail messages seeking collection of the subject debt up until the filing of the instant action.

22. Plaintiff has received not less than 25 phone calls and prerecorded messages from Defendant since asking it to stop calling.

23. Frustrated over Defendant's conduct, Plaintiff spoke with his attorneys regarding his rights, resulting in expenses.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using pre-recorded messages without their consent.

28. Defendant used pre-recorded messages when placing calls and leaving voicemail messages to Plaintiff's cellular phone, thus bringing its phone calls within the ambit of the TCPA.

29. Defendant violated the TCPA by placing at least 25 phone calls to Plaintiff's cellular phone using pre-recorded messages without his consent. Any consent that Plaintiff *may* have given was specifically revoked by Plaintiff's demands that Defendant cease contacting him.

30. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MICHAEL R. PEERMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Defendant, through its barrage of phone calls, has repeatedly and intentionally invaded Plaintiff's privacy.

34. Defendant's persistent and unwanted phone calls to Plaintiff's cellular phone eliminated Plaintiff's right to privacy.

35. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive.

36. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point

where Plaintiff was denied the ability to quietly enjoy his life, instead having it upended by Defendant's harassing phone call campaign.

37. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff was located when Defendant was placing its calls.

38. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into payment, Defendant gave Plaintiff no reasonable escape from its incessant calls.

39. As detailed above, by persistently contacting Plaintiff's cellular phone without his prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected, and caused Plaintiff to suffer concrete and particularized harm.

40. Defendant's relentless collection efforts and tactic of repeatedly calling Plaintiff's cellular phone after he requested that these calls cease is highly offensive to a reasonable person.

41. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing numerous unconsented phone calls to Plaintiff's cellular phone in a short period of time.

WHEREFORE, Plaintiff, MICHAEL R. PEERMAN, respectfully requests that Arbitrator enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III-TRESPASS TO CHATTELS

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

44. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

45. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

46. Defendant interfered with Plaintiff's ability to use his cellular phone while it was in his possession.

47. Defendant further deprived Plaintiff's phone of storage space through the persistent and length voice mail messages it would leave Plaintiff.

48. Defendant barraged Plaintiff with numerous phone calls after he made demands that the calls stop, including multiple phone calls on the same day, leaving him unable to use or possess his cellular phone in the manner in which he wanted to during such time.

49. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff repeatedly stated that Defendant must cease contacting him.

50. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to his cellular phone, the loss of battery charge, the loss of battery life, and

7

the diminished space for storage given Defendant's placement of voicemail messages to Plaintiff's phone.

51. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with her possession of her cellular phone.

WHEREFORE, Plaintiff, MICHAEL R. PEERMAN, respectfully requests that the Arbitrator enter judgment in his favor as follows:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendant from contacting Plaintiff;

e. Award any other relief this Honorable Court deems equitable and just

Dated: November 18, 2021              Respectfully submitted,

                                                  s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Eastern District of Wisconsin
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com